■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. THEODORE GIST, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, entered August 8, 1972, which *inter alia* granted in part a motion by defendant Theodore Gist to dismiss the indictment as to him, i.e., to the extent of dismissing the first two counts, both of which are for murder, as to him. Order reversed, on the law, said motion denied and the first two counts of the indictment as to defendant Theodore Gist are reinstated. The first two counts of the indictment charge defendants Theodore and Ralph Gist, brothers, with murder of Carlos Roman by shooting him with a rifle (Penal Law, § 125.25, subds. 1, 2). A witness testified before the Grand Jury that the brothers Gist were standing on a stoop firing into a crowd and that Ralph was armed with a rifle and Theodore with a pistol. The murder counts were dismissed as to Theodore only, apparently upon the theory that these counts alleged that the victim had died of rifle wounds and that Theodore had been armed with a pistol. In our opinion, the evidence before the Grand Jury was sufficient to sustain the two counts of murder upon the theory that Theodore was an accessory to the murder (Penal Law, § 20.00; see and cf. *People* v. *Beaudet*, 31 A D 2d 705, 706; *People* v. *Washington*, 18 N Y 2d 366; *People* v. *Kupperschmidt*, 237 N. Y. 463, 465; *People* v. *Blank*, 283 N. Y. 526). Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAYWARD HILTON, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed June 1, 1972, on a conviction of robbery in the third degree, upon his plea of guilty. Sentence reversed, on the law, and case remanded to the Criminal Term for resentencing. It is our opinion that the language employed by the sentencing court was equivocal on the question of its awareness of the options open for the sentencing of a defendant who is a narcotic addict not receivable by the Narcotic Addiction Control Commission (*People* v. *Williams,* 41 A D 2d 669; *People* v. *Laing,* 40 A D 2d 709). Moreover, the sentencing court stated that if the Narcotic Addiction Control Commission facilities were then available it would commit defendant thereto (*People* v. *Breland,* 40 A D 2d 1034; *People* v. *Goldenberg,* 40 A D 2d 613). Accordingly, defendant should be resentenced. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.