■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL FORD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 25, 1981, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, criminal possession of a weapon in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress his statements to Detective Melia and Assistant District Attorney Melendez.

Judgment affirmed.

Since the evidence at the suppression hearing established that defendant knowingly and intelligently waived his *Miranda* rights, and that his statements which ensued were voluntary, the trial court properly denied his motion to suppress his statements to Detective Melia and Assistant District Attorney Melendez on that basis (*People v Huntley,* 15 NY2d 72).

We further conclude that defendant's challenge to the sufficiency of the evidence with respect to the two counts of murder in the second degree, attempted robbery in the first degree and grand larceny in the third degree is without merit (see *People v Dekle,* 83 AD2d 522, affd 56 NY2d 835; *People v Gist,* 42 AD2d 968; *People v Baskerville,* 60 NY2d 374).

We have considered defendant's contentions with respect to the trial court's instructions to the jury and the acts and statements of the prosecutor during the summation, which claims were for the most part unpreserved for appellate review as a matter of law, and find that such are either without any merit or do not warrant reversal as a matter of discretion in the interest of justice.

Finally, there is no basis for finding that the trial court abused its discretion with respect to the sentences imposed or that we should exercise our discretion by reducing the sentences (*People v Suitte,* 90 AD2d 80, 86-87). Thompson, J. P., O'Connor, Boyers and Lawrence, JJ., concur.