■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS BUCKNOR, Appellant.

The defendant contends that the hearing court erred in refusing to suppress his postarrest statements. We disagree. It is well established that great weight must be accorded to the determination of the hearing court based upon its ability to assess the credibility of witnesses and its findings should not be disturbed unless clearly erroneous (see, People v Prochilo, 41 NY2d 759; People v Gee, 104 AD2d 561). The hearing testimony clearly established that before the defendant was questioned by the police, he was repeatedly advised of his Miranda rights and each time, the defendant stated that he understood them. The hearing court chose not to credit the testimony of the defendant's expert who indicated that the defendant was functionally illiterate and dyslexic and as a result of his disabilities, he did not understand his rights at the time of questioning. Based upon our independent review of the hearing transcript, we cannot conclude that the hearing court's determination was clearly erroneous. On this point, we note that "[a]n effective waiver of Miranda rights may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings. An inability to comprehend the import of the Miranda warnings in the larger context of criminal law does not itself vitiate the validity of the waiver" (People v Williams, 62 NY2d 285, 287). In the case at bar, the defendant clearly understood the "immediate meaning of the warnings" and thus, his waiver was valid.

We also find no error in the trial court's Sandoval ruling which permitted the prosecution, if the defendant elected to testify, to inquire into the underlying facts of his prior youthful offender adjudication arising from a charge of robbery in the first degree. The prosecution was not permitted to inquire into the final disposition of the case. It is axiomatic that the issue of whether prior bad acts should be admitted for the purpose of credibility impeachment is a matter of discretion which rests primarily with the trial court (see, People v Rhodes, 96 AD2d 565). Based upon the circumstances of this case, it cannot be said that the trial court improvidently exercised its discretion.

Viewing the evidence adduced at trial in a light most

favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it legally sufficient to establish his guilt of the charged crimes. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

Further, we find that based on the facts of this case, the imposed sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit *(see, People v Young,* 125 AD2d 514, *lv denied* 69 NY2d 957; *People v Ford,* 106 AD2d 399). Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.