■ DONNA M. CUSA, Appellant, v STATE OF NEW YORK, Respondent.—Levine, J. Appeal from a judgment in favor of the State, entered September 8, 1987, upon a decision of the Court of Claims (Hanifin, J.).

Claimant was seriously injured on October 12, 1983 when the car she was driving in a northerly direction on State Route 10 in Delaware County went out of control on a right-hand curve, crossed the southbound lane and west shoulder and overturned in adjoining farm property. Route 10 is a two-lane highway which had been resurfaced in 1980, with a posted speed of 50 miles per hour where claimant was then traveling, and was enshrouded in mist, rain and fog at the time of the accident. Claimant testified that she was familiar with the curve and had reduced her speed to 35 to 40 miles per hour as she approached it. She began to slide in the beginning of the curve, recovered traction momentarily and then went out of control in the curve and left the highway.

Claimant's theory of recovery against the State was that Route 10 at the curve had an unduly slick surface, making it hazardous when wet, and that this danger was exacerbated by a depression in the curve's northbound lane which effectively

reduced the superelevation (banking) of the curve, thereby tending to cause skidding. Claimant supported this theory primarily through the testimony of a traffic engineering expert. He opined that the slippery surface was attributable to the "extreme bleeding" of oil to the surface of the asphalt road. He testified that proper safety maintenance would have required the resurfacing of the curve with a more adherent mixture of stone, as was done on three other curves on Route 10 prior to the accident. Failing resurfacing, a "slippery when wet" sign should have been installed to warn motorists of the condition. The expert further testified that the reduction in superelevation caused by the depression in the pavement required lowering of the posted speed limit to 45 miles per hour for normal driving conditions.

To prove the State's actual or constructive notice of the dangerous condition of the curve, claimant introduced evidence through Department of Transportation (hereinafter DOT) engineering and safety personnel concerning their response to October 1981 complaints, from an adjoining land owner named Burgin, regarding alleged accidents due to slippery when wet conditions of a curve on Route 10 (hereinafter referred to as the "Burgin curve") some .9 of a mile north of the curve involved in this accident. DOT staff examined the Burgin curve following these complaints and, while acknowledging the possibility of slipperiness because of the same "bleeding" described by claimant's expert, ultimately concluded after further study and visual examination that the Burgin curve was not dangerous and took no corrective action. In August 1982, however, a fatal accident occurred involving the Burgin curve. This triggered a reevaluation of the entire 27 miles of Route 10 which had been repaved in 1980, including the accident curve herein. The entire stretch of highway was visually inspected and was closely scrutinized at various points. As a result, the Burgin curve and a curve .2 of a mile from the curve involved in claimant's accident were resurfaced. The Burgin curve was also signed as slippery when wet. DOT determined, however, that no resurfacing was necessary at various other curves in the span of Route 10 that was examined, including the curve involved in the instant accident. At the conclusion of the trial the Court of Claims dismissed the claim, finding that there had been a failure of proof of negligence on the part of the State. This appeal ensued.

There should be an affirmance. We find no basis for disturbing the determination by the Court of Claims that the State

did not breach any duty of care which contributed to causing claimant's accident. First, the State's engineering and traffic safety staff rendered qualified expert opinions that the road surface at the curve in question was not unsafe in wet conditions, based upon their inspections. Thus, a clear conflict was presented between the views of claimant's expert and the State experts. The Court of Claims rejected the opinion of claimant's expert. Claimant has not demonstrated any reason why we should not defer to the resolution by the trier of fact of what was essentially a credibility question (see, Huertas v State of New York, 84 AD2d 650, 651).

Moreover, the record clearly establishes that DOT personnel made a considered judgment, following the August 1982 accident at the Burgin curve, as to what portions of Route 10 required resurfacing because of slickness of the pavement. Their decision was based on extensive examination of the highway surface and review of the record of reported accidents over this stretch of the highway. There was no history of accidents in any way attributable to this alleged condition at the curve where claimant lost control of her vehicle. Since the Burgin curve was concededly much sharper than the curve in question, any accident or complaints regarding slippery when wet conditions at the Burgin curve would hardly alert the State to any problem regarding this curve almost a mile away. Claimant has not shown that the State was negligent in its application of asphalt when Route 10 was resurfaced in 1980 nor that its study of the highway following the 1982 accident at the Burgin curve was inadequate, nor that DOT's decision only to further resurface two curves in the general vicinity of plaintiff's accident was unreasonable in the light of its staff's findings. Therefore, the State's safety decision was accorded immunity from liability (see, Friedman v State of New York, 67 NY2d 271, 283-284; Weiss v Fote, 7 NY2d 579, 586-588; Van De Bogart v State of New York, 133 AD2d 974, 977).

Finally, the Court of Claims also quite properly rejected the suggestion that any alleged reduction of the superelevation of the accident curve as a result of the depression in the pavement created a hazardous condition. The State's testing of the curve and measurements of its superelevation showed that it was banked well within accepted safety standards. Again, it was entirely reasonable for the court to have rejected the contrary evidence of claimant's expert, particularly since his testimony on the results of his testing were only from memory

and he conceded that he had not measured the actual super-elevation of the curve.

We have considered claimant's remaining arguments and find them equally unpersuasive. Accordingly, the dismissal of the claim should be affirmed in all respects.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.