■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ERNEST HILL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant forfeited his right to challenge either the alleged untimeliness or the improper service of the notice pursuant to CPL 710.30 by pleading guilty *(see, People v Taylor,* 65 NY2d 1; *see also, People v Campbell,* 73 NY2d 481, 486; *People v Prescott,* 66 NY2d 216, 219-220, *cert denied* 475 US 1150; *People v McBayne,* 160 AD2d 735; *People v Marinelli,* 148 AD2d 550, *lv denied* 74 NY2d 666).

There is no merit to defendant's contention that his oral and written statements should have been suppressed because he did not knowingly and intelligently waive his *Miranda* rights. In reviewing a determination of the suppression court, great weight must be accorded its decision because of its ability to observe and assess the credibility of the witnesses and its findings should not be disturbed unless clearly erroneous *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Bucknor,* 140 AD2d 705, *lv denied* 72 NY2d 1043). An accused of subnormal intelligence may effectively waive his or her *Miranda* rights "so long as it is established that he or she understood the immediate meaning of the warnings" *(People v Williams,* 62 NY2d 285, 287; *see, People v Matthews,* 148 AD2d 272, 274, *lv denied* 74 NY2d 950; *People v Bucknor, supra).* "Whether the defendant knowingly and intelligently waived his rights is a factual question to be determined by the totality of the circumstances, which includes the defendant's

limited mental capacity as but one factor" *(People v Matthews, supra,* at 274). Here, the record fully supports the suppression court's finding of an effective waiver and, accordingly, defendant's motion to suppress the statements was properly denied. (Appeal from Judgment of Steuben County Court, Finnerty, J. —Sodomy, 1st Degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.