■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO SAMUELS, Appellant. [603 NYS2d 344] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered February 27, 1992, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 21, 1991, the defendant and the complainant, a former employee, became involved in an altercation on a Brooklyn street. At one point, the defendant pulled a screwdriver out of his back pocket and struck at the complainant several times, hitting him once in the face and breaking his jaw. On appeal, the defendant claims that, among other things, the court improperly charged the justification defense only under the theory of "deadly physical force", when it should also have charged under "physical force". Since the defendant did not object to the language employed by the court in its charge during the trial, he failed to preserve this issue for appellate review (see, CPL 470.05 [2]; *People v Buckley,* 75 NY2d 843, 846; *People v Udzinski,* 146 AD2d 245, 249).

In any event, the claim is lacking in merit. Viewing the evidence in the light most favorable to the defendant, as required when determining whether the charge to the jury was adequate (see, *People v Padgett,* 60 NY2d 142, 144-145; *People v Watts,* 57 NY2d 299, 301), the evidence does not support the delivery of an additional charge. Upon this record, it cannot be said that, in stabbing the complainant in the face with a screwdriver and breaking his jaw, the defendant exercised only nondeadly force. Since the definition of "deadly physical force" (Penal Law § 10.00 [11]) hinges on the nature of the risk created, its imminence or immediacy, as well as its gravity, rather than on the defendant's intent or the harm actually caused by his actions (see, *People v Magliato,* 68 NY2d 24, 29), we find that the court's charge was proper.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.