■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. KLUMBACH, Appellant. [609 NYS2d 729] —Judgment unanimously affirmed. Memorandum: Defendant appeals his conviction, following a jury trial, of attempted manslaughter in the first degree, attempted aggravated assault upon a police officer and criminal possession of a weapon in the second degree. On June 1, 1989, defendant, a correction officer, was drinking and had an argument with his girlfriend. As she was leaving their apartment, she heard several gun shots. When the police responded to the scene, defendant threatened that he was "going to kill a cop" and fired several shots at the police, nearly striking one of the officers in the head. Defendant was arrested, advised of his *Miranda* rights and made oral admissions. After a pretrial *Huntley* hearing, County Court found that defendant knowingly, voluntarily and intelligently waived his rights and that defendant's admissions could be used at trial. We agree.

We reject the contentions of defendant that his oral admissions to the police should have been suppressed because he was highly intoxicated and his intoxication prevented him from knowingly and intelligently waiving his rights. "[S]elf-induced intoxication does not *ipso facto* render a confession invalid" *(People v Adams,* 26 NY2d 129, 137, *cert denied* 399 US 931). Although the record establishes that defendant had been drinking that evening, it further establishes that defendant was able to respond intelligently to the questions asked by the interrogating officer. The determination of the suppression court must be accorded great weight and its findings should not be disturbed unless clearly erroneous *(People v Prochilo,* 41 NY2d 759, 761; *People v Hill,* 175 AD2d 603).

There is no merit to the contention of defendant that his conviction is against the weight of the evidence because he proved by a preponderance of the evidence that he lacked criminal responsibility by reason of mental disease or defect (see, Penal Law § 40.15). The jury, as trier of fact, had the right to accept or reject, in whole or in part, the opinion of any expert (People v Wood, 12 NY2d 69, 77; People v James, 191 AD2d 957, 958, lv denied 82 NY2d 720, cert denied — US —, 127 L Ed 2d 85). We cannot conclude that the jury, in accepting the opinion of the expert for the People, failed to give the evidence the weight it should be accorded (see, People v Bleakley, 69 NY2d 490, 495).

Because defendant did not object or take an exception to the court's charge on the insanity defense, that issue has not been preserved for our review (see, CPL 470.05 [2]; People v Lipton, 54 NY2d 340, 351). Furthermore, the record reveals that defense counsel consented to the written verdict sheet submitted to the jury (see, People v Brown, 192 AD2d 1081, lv denied 82 NY2d 714). Were we to reach that issue, we would conclude that the court properly charged the jury that the insanity defense was a complete defense to the crimes charged. (Appeal from Judgment of Jefferson County Court, Clary, J.—Attempted Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Lawton, Callahan and Doerr, JJ.