■ SAMMIE A. BROOKER et al., Appellants, v STATE OF NEW YORK, Respondent. [614 NYS2d 640] —Mercure, J. Appeal from a judgment in favor of claimant Sammie A. Brooker, entered April 1, 1993, upon a decision of the Court of Claims (Hanifin, J.).

Claimants filed this claim to recover for personal injuries and pecuniary damages allegedly sustained by claimant Sammie A. Brooker (hereinafter claimant) when he was arrested by members of the State Police and unsuccessfully prosecuted for obstructing governmental administration. After a trial, the Court of Claims dismissed the causes of action alleging false arrest and abuse of process and for derivative damages, and rendered a verdict in favor of claimant on causes of action alleging assault, battery and malicious prosecution. In so doing, the Court of Claims found, and the State does not now dispute, that State Police Sergeant Michael Corpin "technically" assaulted claimant and subjected him to a battery when, in effecting an unauthorized arrest, he grabbed claimant by the neck and physically removed him from a tavern. However, the Court of Claims also found that claimant suffered no injury as a result of Corpin's conduct and, accordingly, was entitled to no more than nominal damages of $1 on the assault and battery causes of action. Claimant now appeals, primarily contending that the award of damages was contrary to the weight of the credible evidence. We disagree and accordingly affirm. "In a nonjury case such as this, our inquiry is not limited to whether the trial court's findings were supported by credible evidence. Rather, if it appears on all the credible evidence that a finding different from that of the trial court would not have been unreasonable, we must weigh the probative force of the conflicting evidence and the relative strength of conflicting inferences that may be drawn therefrom, and then grant the judgment which upon the evidence should have been granted by the trial court" (Kandrach v State of New York, 188 AD2d 910, 912-913 [citations omitted]). Nonetheless, giving due deference to the Court of Claims' assessment of the credibility of trial witnesses (see, Matter of Liccione v John H., 65 NY2d 826, 827), we are not inclined to disturb its conclusion that claimant merely simulated his injuries. Notably, claimant exhibited no external signs of injury, the testimony of witnesses produced by the State supported a finding that claimant was not physically

abused, and there were a number of inconsistencies in the testimony of claimants' witnesses concerning the nature and extent of claimant's alleged mistreatment. Obviously, claimant had a substantial interest in giving false testimony concerning his injuries. It is also significant that the State produced testimony, credited by the Court of Claims, that claimant did not begin to complain of pain in his neck until another individual began to record the events with a video camera, and our viewing of the videotape confirms the Court of Claims' finding that claimant's moans of pain were "embarrassingly phony".

We also reject the contention that, because claimant offered the only expert medical testimony produced at trial, the Court of Claims was required to accept the expert's opinion that claimant sustained a cervical strain. Because the expert's opinion was based solely upon claimant's description of the injury and subjective complaints of pain and the expert's exclusion of more severe injury, such as fracture, by the results of his examination, tests and X rays, the Court of Claims was entitled to reject the opinion in its entirety *(see, People v Klumbach,* 202 AD2d 1009; *Cusa v State of New York,* 151 AD2d 847).

Finally, the award on the malicious prosecution cause of action was precisely that requested by claimant and any error in the admission of evidence of claimant's blood-alcohol level was at worst harmless.

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.