■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PEREZ, Appellant. [630 NYS2d 777] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered July 28, 1993, convicting him of attempted assault in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the fourth degree, criminal sale of a controlled substance in the third degree (six counts), and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's convictions of attempted assault in the second degree and criminal possession of a weapon in the fourth degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

This appeal stems from an undercover police investigation of drug transactions which were being conducted out of a Brooklyn bodega. When the undercover police officers closed in

on the defendant, he retreated into the bodega and fired a gunshot at one of the officers. In his subsequent videotaped statement to the police, the defendant stated that he thought the bodega was being robbed and that he did not aim the gun at anyone because he merely intended to scare the robbers away. In addition, in his statement, the defendant consistently maintained that he fired the warning shot after seeing an individual, *i.e.*, a police officer, pointing a gun at him. At trial, the court instructed the jury on the defense of justification pursuant to Penal Law § 35.15 (2) (a), which provides that deadly physical force may be employed against another person where one reasonably believes that such other person is using or is about to use deadly physical force.

On appeal, the defendant contends that the court should have also instructed the jury on the defense of justification pursuant to Penal Law § 35.15 (2) (b), which provides that deadly physical force may be employed against another person where one reasonably believes that such other person is committing or attempting to commit, *inter alia*, a robbery. The defendant asserts that this failure to charge the jury on the applicable law requires reversal of his convictions of reckless endangerment in the first degree and criminal possession of a weapon in the second degree. However, at trial, the defendant neither requested a justification charge pursuant to Penal Law § 35.15 (2) (b) nor objected to the charge as given by the court. Consequently, the defendant failed to preserve this claim for appellate review *(see, People v Autry,* 75 NY2d 836; *People v Thomas,* 50 NY2d 467; *People v Samuels,* 198 AD2d 384). In any event, the defendant's claim is lacking in merit. Indeed, because possession of a weapon does not involve the use of physical force, there are no circumstances under which justification *(see,* Penal Law § 35.15) can be a defense to the crime of criminal possession of a weapon in the second degree *(see, People v Pons,* 68 NY2d 264, 267; *People v Almodovar,* 62 NY2d 126). With reference to the reckless endangerment conviction, under the circumstances of this case, any error which may have occurred was harmless.

However, as correctly conceded by the People, a defendant cannot be convicted of attempted assault in the second degree under Penal Law § 120.05 (3) because it is "a legal impossibility" *(People v Campbell,* 72 NY2d 602, 607). Therefore, the defendant's conviction of attempted assault in the second degree must be reversed and that count of the indictment dismissed, notwithstanding his failure to preserve this claim for appellate review *(see, People v Martinez,* 81 NY2d 810, 812).

Similarly, the defendant's conviction of criminal possession of a weapon in the fourth degree must be reversed and that count of the indictment dismissed because it is a lesser included offense of criminal possession of a weapon in the second degree *(see,* CPL 300.40 [3] [b]; *People v Vaccaro,* 44 NY2d 885; *People v Butler,* 192 AD2d 543).

We find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.