THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK E. BARKER, Appellant. (Appeal No. 1.) [635 NYS2d 383] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was deprived of effective assistance of counsel. Although defense counsel made inappropriate remarks during the *Huntley* hearing, viewing the evidence, the law and the circumstances of the case, in totality and as of the time of representation, we conclude that defendant's attorney provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

The court did not err in accepting defendant's guilty plea to attempted manslaughter in the first degree. Although attempted manslaughter in the first degree is a nonexistent crime and a jury verdict convicting a person of that crime would be invalid *(see, People v Martinez,* 81 NY2d 810), the negotiated plea was knowingly, intelligently and voluntarily made. We conclude, therefore, that the court properly accepted the plea *(see, People v Foster,* 19 NY2d 150).

According great weight to the determination of the suppression court, as we must *(see, People v Klumbach,* 202 AD2d 1009, *lv denied* 83 NY2d 912, citing *People v Prochilo,* 41 NY2d 759, 761; *People v Hill,* 175 AD2d 603), we conclude that the court did not err in refusing to suppress statements made by defendant to the State police. Although the record establishes that defendant was intoxicated, self-induced intoxication does not

in and of itself render the statements inadmissible *(see, People v Adams,* 26 NY2d 129, 137, *cert denied* 399 US 931; *People v Klumbach, supra).* The record establishes that defendant was able to respond intelligently to the State Troopers, and ultimately stated that he did not want to give a statement and asked for an attorney. Under the circumstances, the court's determination was not clearly erroneous *(see, People v Klumbach, supra).* (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Attempted Manslaughter, 1st Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.