■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DANIELS, Appellant. [654 NYS2d 799] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered October 11, 1995, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's argument that his plea was not knowing, intelligent, and voluntary is without merit. Although the crime of attempted assault in the second degree pursuant to Penal Law § 120.05 (3) is a legal impossibility (see, People v Campbell, 72 NY2d 602, 607), a defendant may plead guilty to a nonexistent crime in satisfaction of an indictment charging a crime for which a greater penalty may be imposed (see, People v Martinez, 81 NY2d 810, 812; People v Foster, 19 NY2d 150). Review of the record reveals that the defendant's plea was knowing, intelligent, and voluntary (see, People v Foster, supra; People v Barker, 221 AD2d 1018). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE DEBAPTISTE, Appellant. [655 NYS2d 408] —Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered July 27, 1995, convicting him of attempted criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in failing to inform him prior to summations that it would be considering the lesser-included offense of attempted criminal possession of a weapon in the third degree. However, the court's error in this regard was harmless, as it cannot be said that defense counsel's summation would have been affected by the knowledge that attempted criminal possession of a weapon in the third degree would be considered by the trier of fact (see, People v Kloska, 191 AD2d 587; People v Taylor, 164 AD2d 922).

The defendant's remaining contention is without merit. Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.