■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NARINE RAMBERSED, Also Known as NARINE RAMPERSAD, Appellant. [680 NYS2d 205] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered January 30, 1995, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2½ to 5 years and 1 year, respectively, unanimously affirmed.

The court properly seated two prospective jurors who had been challenged by defendant. The court's finding of prima facie discrimination was proper since the record shows, *inter alia*, that jurors with similar backgrounds as these Caucasian jurors had not been peremptorily challenged by defense counsel

(*see, People v Bolling*, 79 NY2d 317, 324). The court's finding that defense counsel's race-neutral reasons were pretextual are entitled to great deference (*People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). We have considered and rejected defendant's remaining arguments on this issue.

Defendant's contention, that the court improperly curtailed the cross-examination of the complainant and thus deprived him of his right to present a defense, is unpreserved for appellate review (*see, People v Martinez*, 214 AD2d 429, *lv denied* 86 NY2d 738), and we decline to review it in the interest of justice. Were we to review it, we would find that the court properly exercised its discretion in limiting questioning of the complainant on a collateral issue for which an unsatisfactory basis was asserted (*People v Sorge*, 301 NY 198; *People v Melcherts*, 225 AD2d 357, *lv denied* 88 NY2d 881). Were we to find that the court's ruling was erroneous, we would find such error to be harmless (*see, People v Crimmins*, 36 NY2d 230).

Defendant's claim that the court should have charged the jury on the defense of justification under the theory of non-deadly physical force as well as deadly physical force is unpreserved for appellate review, and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no reasonable view of the evidence to support such a charge (*People v Samuels*, 198 AD2d 384, *lv denied* 82 NY2d 930). Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.