■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WYRICH, Also Known as ERIC WYRICK, Appellant. [686 NYS2d 853] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 7, 1997, convicting him of attempted assault in the second degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hall, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of attempted assault in the second degree and the sentence imposed thereon; as so modified, the judgment is affirmed.

As the defendant correctly argues, and the People concede, a defendant cannot be convicted of attempted assault in the second degree under Penal Law § 120.05 (3) because it is "a legal impossibility" (*People v Campbell,* 72 NY2d 602, 607; *see also, People v Daniels,* 237 AD2d 298; *People v Perez,* 218 AD2d 754). Therefore, the defendant's conviction of attempted assault in the second degree must be reversed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The evidence adduced at the hearing established that the observations of Detective Aguirre, who was acting as the "ghost" on the narcotics team, provided him with probable cause to arrest the defendant and that the arresting officer was acting at the direction of, or upon knowledge shared by, Detective Aguirre (*see, People v Mims,* 88 NY2d 99).

The defendant's remaining contention is without merit. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.