■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRANT, Appellant. [899 NYS2d 906]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered May 21, 2008, convicting him of attempted assault in the second degree as a hate crime (two counts) and menacing in the second degree as a hate crime, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, and the facts, by vacating the conviction of attempted assault in the second degree as a hate crime under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As the defendant contends, and the People correctly concede, the crime of attempted assault in the second degree under Penal Law § 120.05 (3) is "a legal impossibility" (*People v Campbell*, 72 NY2d 602, 607 [1988]; *see People v Wyrich*, 259 AD2d 718 [1999]; *People v Daniels*, 237 AD2d 298 [1997]). Therefore, the defendant's conviction of attempted assault in the second degree as a hate crime, under count two of the indictment, must be vacated, and that count of the indictment must be dismissed.

We reject the defendant's contention that the evidence of his intent to injure the victim was legally insufficient and that the jury finding of such intent was against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's intent to injure the victim beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the jury's finding that the defendant intended to injure the victim is not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor violated the terms of the modified *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, is without merit (*see People v Fardan*, 82 NY2d 638, 646 [1993]).

The sentence imposed is not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Fisher, J.P., Florio, Belen and Austin, JJ., concur.