■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TESFA TUCKER, Appellant. [58 NYS3d 461]—

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ambro, J.), rendered September 11, 2015, convicting him of attempted assault in the second degree, assault in the third degree, and attempted obstructing governmental administration in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of attempted assault in the second degree and attempted obstructing governmental administration in the second degree and vacating the sentences imposed thereon; as so modified, the judgment is affirmed.

As the People correctly concede, attempted assault in the second degree, as defined by Penal Law § 120.05 (3), is a legal impossibility (*see People v Campbell*, 72 NY2d 602, 605 [1988]; *People v Barksdale*, 139 AD3d 1080, 1080 [2016]; *People v Grant*, 73 AD3d 1079, 1079 [2010]; *People v Wyrich*, 259 AD2d 718, 718 [1999]; *People v Perez*, 218 AD2d 754, 755 [1995]). As the People also correctly concede, attempted obstructing governmental administration in the second degree is not a legally cognizable offense (*see People v Schmidt*, 76 Misc 2d 976, 978-979 [1974]; *see also People v Campbell*, 72 NY2d at 607). Thus, the defendant's convictions of attempted assault in the second degree and attempted obstructing governmental administration in the second degree and the sentences imposed thereon must be vacated (*see People v Campbell*, 72 NY2d at 607; *People v Barksdale*, 139 AD3d at 1080; *People v Grant*, 73 AD3d at 1080; *People v Wyrich*, 259 AD2d at 718; *People v Perez*, 218 AD2d at 755), and the defendant's contention that the sentence imposed on the conviction of attempted assault in the second degree was excessive need not be reached (*see People v Dunaway*, 134 AD3d 952, 954 [2015]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the third degree beyond a reasonable doubt, including that he caused "physical injury" to the complainant (*see* Penal Law §§ 10.00 [9]; 120.00 [2]; *People v Williams*, 146 AD3d 906, 909 [2017]; *People v Carson*, 126 AD3d 996, 997 [2015]; *People v Monserrate*, 90 AD3d 785, 788 [2011]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of assault in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that his waiver of the right to a jury trial was invalid is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Johnson*, 51 NY2d 986, 987 [1980]; *People v Williams*, 149 AD3d 986 [2017]; *People v Petitbrun*, 123 AD3d 1057, 1058 [2014]; *People v Butler*, 17 AD3d 379, 380 [2005]) and is, in any event, without merit. The defendant discussed the waiver of his right to a jury trial with his attorney and executed a written waiver in open court after allocution by the court, the court approved the waiver, and the circumstances surrounding the waiver support the court's determination that it was knowingly, intelligently, and voluntarily made (*see People v Williams*, 149 AD3d 986 [2017]; *People v Pazmini*, 132 AD3d 1015, 1015 [2015]; *People v Gucciardo*, 128 AD3d 983, 984 [2015]; *People v Campos*, 93 AD3d 581, 582-583 [2012]; *People v Silva*, 91 AD3d 675, 675 [2012]; *People v Butler*, 17 AD3d at 380; *People v Cassano*, 279 AD2d 636, 636 [2001]).

Contrary to the defendant's contention, the County Court providently exercised its discretion in declining to, sua sponte, order an additional examination of the defendant pursuant to CPL article 730 prior to sentencing (*see People v Sulaiman*, 134 AD3d 860, 860 [2015]; *People v Bennett*, 63 AD3d 1086, 1087 [2009]; *People v Pallonetti*, 62 AD3d 1027, 1027 [2009]; *People v Rios*, 26 AD3d 521, 521 [2006]; *People v Soto*, 23 AD3d 586, 586 [2005]). Nothing in the record indicates that the defendant "lack[ed] [the] capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]; *see People v Phillips*, 16 NY3d 510, 516 [2011]; *People v Mendez*, 1 NY3d 15, 20 [2003]; *People v Tortorici*, 92 NY2d 757, 765 [1999]; *People v Morgan*, 87 NY2d 878, 881 [1995]; *People v Pallonetti*, 62 AD3d at 1027; *People v Perez*, 46 AD3d 708, 709 [2007]). Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.