People v Jones (2018 NY Slip Op 04565)





People v Jones


2018 NY Slip Op 04565


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-11330

[*1]The People of the State of New York, respondent,
v
Roy Jones, Jr., appellant. (S.C.I. No. 374/16)


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen Braslow, J.), rendered June 21, 2016, convicting him of vehicular assault in the second degree, attempted assault in the second degree, leaving the scene of an accident in violation of Vehicle and Traffic Law § 600(2), and driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of attempted assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the superior court information; as so modified, the judgment is affirmed.
The crime of attempted assault in the second degree is a legal impossibility (see Penal Law § 120.05[3]; People v Campbell, 72 NY2d 602, 605; People v Tucker, 151 AD3d 1085, 1086; People v Barksdale, 139 AD3d 1080; People v Grant, 73 AD3d 1079, 1080). As correctly conceded by the People, the inclusion of that nonexistent crime in the superior court information constituted a nonwaivable jurisdictional defect, necessitating vacatur of the defendant's conviction of attempted assault in the second degree, vacatur of the sentence imposed thereon, and dismissal of that count of the superior court information (see CPL 195.20; People v Zanghi, 79 NY2d 815, 817-818; People v Barksdale, 139 AD3d at 1080; see also People v Lopez, 45 AD3d 493, 494).
The defendant's valid waiver of the right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Lopez, 6 NY3d 248, 256-257) precludes appellate review of his remaining contention (see People v Seaberg, 74 NY2d 1, 9).
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court