People v Hasper (2026 NY Slip Op 00259)

People v Hasper

2026 NY Slip Op 00259

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2021-03280
 (Ind. No. 778/19)

[*1]The People of the State of New York, respondent,
vWilliam Hasper, appellant.

Reynolds, Caronia, Gianelli & La Pinta, P.C., Hauppauge, NY (Mark D. Cohen and Stephen N. Preziosi of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan, Hilda Mortensen, and Michael J. Balch of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Christopher Quinn, J., at trial; Teresa K. Corrigan, J., at sentence), rendered April 20, 2021, convicting him of reckless endangerment in the second degree, obstruction of a license plate in violation of Vehicle and Traffic Law § 402(1)(b), excessive use of a horn in violation of Vehicle and Traffic Law § 375(1)(a), and making an unsafe turn in violation of Vehicle and Traffic Law § 1163(a), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his waiver of the right to a jury trial was invalid is unpreserved for appellate review (see CPL 470.05[2]; People v Johnson, 51 NY2d 986, 987; People v Maharaj, 225 AD3d 628, 628). In any event, the record does not support the defendant's contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent (see People v Vazquez, 204 AD3d 943, 944; People v Tucker, 151 AD3d 1085, 1087).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
Moreover, the defendant's contention that he was deprived of the effective assistance of counsel is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Brown, 240 AD3d 707, 709), [*2]and the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court