■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McBAYNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thorp, J.), rendered June 10, 1987, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pitaro, J.), of those branches of the defendant's omnibus motion which were to suppress statements made by him to the police and identification testimony.

Ordered that the judgment is affirmed.

The hearing court, with its advantages of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761), determined that the defendant's claims of having demanded and been refused access to counsel, of having been forced to participate in the lineups by threat of physical abuse, and of having been interrogated in the same manner, were patently incredible. We find no reason for disturbing this conclusion on appeal. Because the defendant's statements were freely and voluntarily made after waiver of his *Miranda* rights, they were properly ruled admissible. The defendant waived any claim of untimely notice pursuant to CPL 710.30 (1) by pleading guilty *(see, People v Taylor,* 65 NY2d 1).

The evidence clearly indicated that the police had probable cause to arrest the defendant, the facts leading to the reasonable inference that he had committed the robbery in question (see, People v Crosby, 91 AD2d 20; CPL 140.10).

The defendant's assertion that the lineup was conducted in an unfair or unduly suggestive manner is clearly without merit. That the complainants were informed that the individual who had robbed them *might* be in the lineup in no way tainted the procedure or led to the danger of an irreparable misidentification by either complainant (see, People v Rodriguez, 64 NY2d 738; People v Wiredo, 138 AD2d 652).

The defendant's argument that the gun was improperly ruled admissible is unfounded. The police had probable cause to believe that the car driven by the defendant was stolen, and might contain evidence of the crimes the defendant was reasonably suspected of having committed (see, People v Brown, 28 NY2d 282). In addition, at the hearing, the defendant did not sustain his burden of demonstrating that he had a reasonable expectation of privacy in the stolen vehicle (see, People v Ponder, 54 NY2d 160; People v Vargas, 140 AD2d 472).

The defendant's contention that he was improperly denied access to exculpatory *Brady* evidence is plainly without merit. Complainant Wilson merely stated during her initial review of photographs on the day of the robbery that one photograph "favored" the individual who had robbed her and her companion. However, she likewise made it clear that she did not believe the photograph was of the perpetrator. The police were thus under no duty to set this photograph aside for submission to the defense, since it was immaterial (cf., People v Simmons, 36 NY2d 126).

We have examined the defendant's remaining contentions and find them to either be without merit or unpreserved for appellate review. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.