■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNIE SHELLMAN, Appellant. [606 NYS2d 210] —Judgment of the Supreme Court, Bronx County (Stephen Barrett, J.), rendered December 19, 1991 which, after jury trial, convicted defendant of second degree murder and sentenced him to an indeterminate term of imprisonment of from 17 years to life, unanimously affirmed.

The prosecution's eyewitness, defendant's 6½-year-old son, testified that on the Christmas morning of 1989, as he opened gifts in the living room, he overheard his mother screaming in the bedroom. He then saw her emerge from the bedroom being beaten with the broken leg of a wooden chair by his father, defendant Bennie Shellman. She was pronounced dead at 12:05 P.M. at the emergency room of Columbia Presbyterian Hospital, where defendant had taken her for treatment.

While searching the apartment upon defendant's written authorization, the police found what they thought to be blood on the bed and bathtub, on the floor of the foyer, on an iron pipe and on a length of wood. According to the New York City Medical Examiner who performed the autopsy, the 28-year-old decedent died as a result of a combination of extensive blunt force to her head, torso and extremities.

The defense proceeded on the theory that some unknown assailant had committed these brutal acts against the decedent. A defense witness testified that, on Christmas Eve 1989,

he visited defendant's apartment and later accompanied defendant to a friend's apartment where they drank and played cards until the early morning hours of Christmas Day.

Defendant testified that his wife had sustained injuries in an attempted robbery in early November and in an automobile accident on December 4, 1989. He attributed blood, identified by laboratory analysis to be human, found on a rag and sweater recovered from the apartment to the results of the accident. He attributed bruises on his wife's hands to a beating he gave her with a belt on December 19th.

During the course of trial, it became apparent to the prosecution that samples of blood taken from items found in the apartment had not been sufficiently safeguarded to enable a chain of evidence to be established. When the prosecutor moved to withdraw the application to have the blood samples admitted into evidence, defendant moved for a mistrial. The court denied the motion and delivered a curative instruction that was not objected to by the defense.

On appeal, defendant urges that the prejudice resulting from the image of splattered blood conveyed to the jury was too great to be overcome by any type of curative instruction. However, in view of the other admissible evidence of defendant's guilt, any error should be deemed harmless *(People v Crimmins,* 36 NY2d 230), and it cannot be said that the Supreme Court abused its discretion in declining to declare a mistrial *(People v Ortiz,* 54 NY2d 288, 292). A length of iron pipe and a broken chair leg were recovered from defendant's apartment. The New York City Medical Examiner and defendant's own expert witness testified to the presence of wounds on the decedent's body, consistent with blows struck by a round object, and patterned, rectangular injuries and "linear parallel marks", consistent with being struck by a rectangular object. Although defendant's son was only 4 years old at the time of his mother's death, his testimony is consistent with the injuries found during the autopsy, and defendant's attempt to explain them away is unpersuasive in view of the nature and extent of the injuries found to have been inflicted. Finally, the jurors are not presumed to have disregarded the curative instructions given by the court *(People v Davis,* 58 NY2d 1102, 1104).

Defendant's contention as to receiving ineffective assistance of counsel is without merit. Defendant concedes that it was his wish, not counsel's, to call his Christmas house guest as a defense witness. The inconsistency defendant now claims to

have been "fatal" to his case involved only whether the witness heard the decedent speaking in the apartment on Christmas Eve, not on the morning of her death. Finally, defendant should not be heard to complain that counsel complied with his demand that the witness testify *(see, Foster v Strickland,* 707 F2d 1339, 1343) because the witness did not support every detail of defendant's claims concerning certain events preceding his wife's death.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.