■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSHAN GREY, Appellant. [638 NYS2d 53] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered December 15, 1993, convicting defendant, after jury trial, of kidnapping in the second degree, robbery in the first degree, and two counts each of robbery in the second degree and assault in the second degree, and sentencing him to concurrent terms of 6 to 18 years on the kidnapping and first degree robbery convictions, and 2$^1$/3 to 7 years on the remaining convictions, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), the People proved beyond a reasonable doubt that defendant intended to aid the codefendant in the robbery of the victim by acting as lookout and displaying a knife to ensure the victim's capitulation. According due deference to the jury's credibility determinations, the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490).

Defendant did not preserve his current claim that the merger doctrine is applicable in this case (CPL 470.05; *People v Velez*, 206 AD2d 258, 258-259, *lv denied* 84 NY2d 940). In any event, defendant may not properly invoke the merger doctrine in connection with attempted rape, as defendant was not charged with that crime. Further, the merger doctrine does not apply in the circumstances herein, where the kidnapping was not incidental to the crimes charged and was carried out through unnecessarily cruel methods (*People v Cassidy*, 40 NY2d 763, 767).

The trial court properly assumed an active role in the proceedings during the defense summation to assure clarification of the issues before the jury (*People v Jamison*, 47 NY2d 882). In this connection, the trial court appropriately exercised its discretion in denying defendant's motion for a mistrial and in giving an immediate instruction to the jury that the court's rulings served merely to assure that the proceedings remained within the confines of the issues; that any colloquy between the court and counsel should not be considered as an indication that the court had any view regarding the evidence; and that determination of factual issues was within the sole province of the jury (*see, People v Shellman*, 200 AD2d 403, *lv denied* 83 NY2d 858). Further, we note that as the court permitted defense counsel to argue that the jury could properly determine the issues based upon the evidence and lack of evidence, including the People's failure to call certain individuals

as witnesses, defendant may not now properly claim that he was prejudiced by the court's ruling.

We perceive no abuse of discretion in sentencing.

We have examined defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.