■ The People of the State of New York, Respondent, v Carlos George, Appellant. [642 NYS2d 687] —Judgment, Supreme Court, New York County (John Bradley, J., at suppression hearing; Edward Sheridan, J., at jury trial and sentence), rendered July 23, 1992, convicting defendant of robbery in the first and second degrees and burglary in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7 to 14 years, 5 to 10 years and 7 to 14 years, respectively, unanimously affirmed.

There is no support in the record for defendant's claim that an unrelated showup identification, involving the victim of a separate crime, tainted the lineup identification herein. Nor did police advice to the complainant that he was being asked

to view a lineup in connection with the investigation of his complaint render the lineup procedure suggestive (*see, People v Rodriguez*, 64 NY2d 738, 740). A review of the lineup photograph indicates that defendant and the other participants in the lineup resembled each other sufficiently so that there was no substantial likelihood that defendant would be singled out (*People v Simmons*, 170 AD2d 15, 19, *lv denied* 78 NY2d 1130).

As a photograph of defendant depicting his appearance at the time in question was entered into evidence without objection, and the issue of a tattoo on defendant's neck was explored through direct and cross-examination of the complainant and other prosecution witnesses, the prosecutor properly commented in summation on the evidence before the jury regarding the tattoo (*People v Galloway*, 54 NY2d 396). The trial court appropriately exercised its discretion in denying defense counsel's application for a mistrial on the basis of a summation comment by the prosecutor regarding the visibility of the tattoo at the time of trial. Even assuming the comment to have been improper, the trial court's curative action in striking the comment and instructing the jury to disregard it was sufficient to cure any possible prejudice to defendant (*see, People v Shellman*, 200 AD2d 403, 404, *lv denied* 83 NY2d 858).

The robbery and burglary charges were properly submitted to the jury since the People presented sufficient evidence of each crime.

We perceive no abuse of discretion in sentencing.

We have reviewed defendant's additional claims of error and find no basis to disturb the judgment. Concur—Sullivan, J. P., Rosenberger, Ellerin and Mazzarelli, JJ.