■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEFE KADU REID, Appellant. [644 NYS2d 717]

The trial court properly exercised its discretion in denying defendant's applications for a competency examination; the court's observations and the totality of the circumstances supported the conclusion that an examination was not necessary (see, People v Washington, 223 AD2d 478). Contrary to defendant's contention, defense counsel's representations alone that defendant could not meaningfully assist in his defense did not mandate examination (see, People v Morgan, 87 NY2d 878). Nor is there merit to defendant's contention that he was improperly precluded from impeaching a witness whom he wanted to call to contradict the People's witness in certain particulars, but otherwise expected to be hostile. The only aspect of such witness's prospective trial testimony that would have been impeachable by his pretrial testimony (CPL 60.35 [1]) concerned the location where this witness was situated during the stabbing. The court's prohibition of impeachment on this minor issue did not result in prejudice to defendant, especially since, as defense counsel recognized, the witness would still have identified defendant as the assailant. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Nardelli, JJ.