■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUSEBIO ESPINAL, Appellant. [650 NYS2d 694] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered June 16, 1993, convicting defendant, after a jury trial, of three counts of robbery in the second degree and one count of criminal possession of stolen property in the fourth degree, and sentencing him, as a second violent felony offender, to consecutive terms of 4 to 8 years on each robbery count, unanimously modified, on the law, to the extent of remitting the matter to Supreme Court, New York County for pronouncement of sentence on count 6 of the indictment, and otherwise affirmed.

As there is no indication in the record that the trial court pronounced sentence in connection with the conviction of criminal possession of stolen property in the fourth degree, the

matter is remitted for pronouncement of sentence (CPL 380.20; *People v Sturgis*, 69 NY2d 816; *see also,* Penal Law § 70.06 [3] [e]; [4] [b]; § 70.25 [2]).

The trial court appropriately exercised its discretion in denying severance of four separate robbery charges, properly joinable under CPL 200.20 (2) (c), where there was "no material variance in the quantity of proof presented at trial with respect to the various offenses" (*People v Simms*, 172 AD2d 336, 337-338, *lv denied* 78 NY2d 974).

The record does not support defendant's claim of a *Brady* violation on the ground that a photo misidentification was in fact made by one of the People's witnesses (*see, People v McBayne*, 160 AD2d 735). In any event, defendant received pretrial notice of the photo identification procedure in question, permitting effective use of the information through cross-examination and closing argument (*see, People v Sutherland*, 219 AD2d 523, 524, *lv denied* 87 NY2d 908, 88 NY2d 886), and there is no reasonable possibility that the outcome of the trial would have differed had defense counsel been in possession of the photograph in question (*see, People v Howard*, 127 AD2d 109, *lv denied* 70 NY2d 648).

In light of the trial court's repeated instructions that summation comments do not constitute evidence, a comment by the prosecutor during summation, concededly ill-advised, does not warrant reversal (*see, People v Shellman*, 200 AD2d 403, 404, *lv denied* 83 NY2d 858). We also note the overwhelming evidence of defendant's guilt.

The trial court properly exercised its discretion in denying defendant's applications for a hearing pursuant to CPL article 730, as the totality of the circumstances, including the court's own observations, support the conclusion that such examination was not necessary (*People v Reid*, 228 AD2d 362).

We have considered defendant's additional claims of error and find them to be without merit. Concur—Rosenberger, J. P., Ross, Williams, Mazzarelli and Andrias, JJ.