THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDORE BARETTA, Appellant. [782 NYS2d 739]—

Judgment, Supreme Court, New York County (Ronald A.

Zweibel, J.), rendered August 2, 2002, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.

The court erroneously concluded that *Batson v Kentucky* (476 US 79 [1986]) does not apply to discrimination against males (*see J.E.B. v Alabama ex rel. T.B.*, 511 US 127, 141-142 [1994]). However, the record is clear that the court, which employed the phrase "in any event," made an alternative ruling that defendant failed to establish a prima facie case of discrimination. The court correctly concluded that defendant's unpersuasive and unsupported numerical argument did not raise an inference of discrimination (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]; *People v Brown,* 97 NY2d 500, 507-508 [2002]).

The court properly denied defendant's request for a missing witness charge since the uncalled officer's testimony would have been cumulative to the testimony of the officer who did testify at trial, as well as to photographic evidence depicting defendant's appearance at the time of his arrest (*see People v Gonzalez*, 68 NY2d 424, 427-428 [1986]).

Following a hearing, the court properly determined that a witness's viewing of photographic arrays that pertained to a totally unrelated matter, that did not contain a photograph of defendant, and from which the witness failed to make an identification, was irrelevant, so that the People had not violated *Brady v Maryland* (373 US 83 [1963]) or CPL 240.20 (1) (d) by failing to turn over the arrays for inspection by the defense (*see People v McBayne*, 160 AD2d 735 [1990]; *see also People v Higgins,* 178 AD2d 199, 200 [1991], *lv denied* 80 NY2d 832 [1992]). The hearing record establishes that there was nothing in the undisclosed photo arrays that could have undermined the reliability of the witness's identification of defendant.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.