People v Balla (2024 NY Slip Op 51400(U))

[*1]

People v Balla (Tounkara)

2024 NY Slip Op 51400(U)

Decided on October 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570631/16

The People of the State of New York, Respondent, 
against
Tounkara Balla, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Julio Rodriguez III, J.), rendered August 18, 2016, after a nonjury trial, convicting him of attempted assault in the third degree and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Julio Rodriguez III, J.), rendered August 18, 2016, affirmed.
The verdict convicting defendant of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00[1]) and harassment in the second degree (see Penal Law § 240.26[3]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant repeatedly struck his wife in the face during a domestic dispute, causing bleeding, swelling and a laceration. There is no basis for disturbing the court's determinations concerning credibility, including its acceptance of the responding police officer's testimony and its rejection of defendant's testimony.
The trial court providently exercised its discretion in denying missing witness charges as to the victim and one of the responding police officers. The non-testifying victim, defendant's wife and the mother of his children, "was unavailable based upon her refusal to testify ... and was not under the control of the People such that she could be expected to give testimony favorable to the prosecution" (People v Hernandez, 256 AD2d 18, 19 [1998], lv denied 93 NY2d 874 [1999], quoting People v Rivera, 234 AD2d 19, 20 [1996], lv denied 89 NY2d 1040 [1997]; see People v Royster, 18 AD3d 375, 375—376 [2005], lv denied 5 NY3d 794 [2005]).
The court properly denied defendant's request for a missing witness charge as to the uncalled police officer, since his testimony would have been cumulative to the testimony of the officer who did testify at trial (see People Baretta, 11 AD3d 329, 330 [2004], lv denied 4 NY3d 741 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 15, 2024