PEOPLE v. COLBURN.

(Supreme Court, Appellate Division, Second Department.   May 8, 1914.)

1. INDICTMENT AND INFORMATION (§ 189*)—CONVICTION OF OFFENSE CHARGED.
   An indictment in the first count charged the offense of sodomy and that defendant when in the commission of such felony committed murder. The second count but charged murder. *Held*, that under the indictment defendant could be convicted of sodomy.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 582–595; Dec. Dig. § 189.*]

2. CRIMINAL LAW (§ 369*) — ADMISSIBILITY OF EVIDENCE — COMMISSION OF OTHER OFFENSE.
   Where defendant was charged with murder committed while committing acts of sodomy, testimony relating to the acts of sodomy was not inadmissible as tending to elicit proof of another crime not charged.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. § 369.*]

3. WITNESSES (§ 304*)—PRIVILEGE—COMPELLING ACCUSED TO CRIMINATE HIMSELF.
   The fact that a witness who was indicted with defendant, but secured a separate trial, when called as a witness for the state, stated; "I claim my right to refuse to answer questions on the ground that I am also a defendant and they might tend to incriminate me," did not relieve him from being questioned as he could answer or refuse to answer the questions as asked.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1051, 1052; Dec. Dig. § 304.*]

4. CRIMINAL LAW (§ 1136*)—REVIEW—PERSONS ENTITLED TO ALLEGE ERROR.
   Though the court erred in compelling a witness for the state to incriminate himself, such error was not available to defendant against whom the evidence was given.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3005, 3006; Dec. Dig. § 1136.*]

Appeal from Trial Term, Kings County.

Emerson Colburn was convicted of sodomy, and he appeals. Affirmed.

See, also, 144 N. Y. Supp. 1134.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Hector McGowan Curren, of Brooklyn, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (Edward A. Freshman, Asst. Dist. Atty., of Brooklyn, on the brief), for the People.

JENKS, P. J.   The defendant appeals from a judgment of conviction for sodomy. It is contended that the evidence did not justify the verdict, and that there are errors of law grave enough to upset the judgment. The evidence for the people is that the act was done in the rented room of the defendant, and that the alleged catamite died at or about the very time of the commission of the crime. There was none other who could give oral testimony of the surrounding circumstances prior and up to the said death save the witness Hagaman, who was indicted with the defendant. Thus, not only the inherent nature of the crime, the circumstances of the commission thereof, but the peculiar

feature of the immediate death of the catamite, made it not strange that the evidence relied upon by the people was of that kind termed circumstantial.

But there is no question as to the conflict of evidence, and we have but to consider the sufficiency thereof. We cannot say that it did not justify the verdict.

[1] The defendant and Hagaman were indicted for murder in the first degree. The defendant demanded and was afforded a separate trial on the indictment, which consists of two counts. The first count charges that the defendants did feloniously and willfully assault (a certain person named), continues in the language of the statute against sodomy (section 690, Penal Law [Consol. Laws, c. 40]), and charges in sufficient words that the defendants, when in the commission of such felony, committed murder. The second count but charges murder. The learned court instructed the jury that under this indictment they could find the defendant guilty of the crime of sodomy. The appellant contends that as there is no separate count for sodomy, and as that crime is not one of the degrees of homicide, this instruction was error. We think that the point is not well taken. People v. Miller, 143 App. Div. 251, 128 N. Y. Supp. 549, affirmed on opinion below 202 N. Y. 618, 96 N. E. 1125.

[2] The questions addressed to the people's witness Dr. Wadsworth, included in folios 342–348, read with the statement of that witness at folio 404, did not tend to elicit the commission of another crime, not charged in the indictment. The defendant was on trial for murder, and the testimony related to the acts of sodomy as relevant to the death or the killing of the catamite. This testimony is revolting, and we do not need to discuss it in detail.

[3] I cannot perceive error in the dealings with Hagaman when he was called as a witness by the people. He was, as I have said, indicted with the defendant; but the latter demanded and secured a separate trial. At the outset Hagaman was asked whether he was the man who had been indicted with the defendant, and answered, "I claim my right to refuse to answer questions on the ground that I am also a defendant and they might tend to incriminate me." Counsel for the defendant thereupon moved that the witness be excused from further testifying, but the learned court directed the assistant district attorney to proceed, ruling that the witness had the right "to answer or not as he sees fit." Thereupon the witness was asked whether he killed (naming the alleged catamite), and answered that he did not. Counsel for the defendant objected, and the court then said:

"He has a right to refuse. I will tell you that anything you say here may be used against you. You are under indictment for this felony also. You have an absolute right to refuse to answer any question which may be asked you. Having said that, what more can I say?"

The learned counsel for the defendant protested that the witness was asserting his right in a general way. The court replied:

"He can say, 'I refuse to answer,' to every question put to him. * * * He has a right to assert his privilege at any stage. You" (evidently referring to the assistant district attorney) "can go on and ask your questions. He has answered that question."

During the colloquy that followed, the court said:

"If he proclaims his right, I shall sustain it. I give him the warning now that everything he says here may be used against him personally, anything which he says may be used against him. * * * He has a right to refuse to answer any question he sees fit. * * * He has a constitutional right to refuse to answer any question."

And in response to the statement of defendant's counsel that Hagaman could refuse to answer any question put to him, the court said:

"That is true. That is his constitutional privilege. The Constitution pre-serves to you that privilege and right not to incriminate yourself and to re-fuse to answer any question on the subject-matter of this inquiry."

The assistant district attorney immediately asked:

"Now, Mr. Hagaman, were you in the room—"

The counsel for the defendant interposed:

"Objected to. The witness has asserted his privilege. The Court: I will leave it to him."

Thereupon, without protest or objection or assertion of privilege on his part, the witness proceeded to give testimony which so far as he was concerned tended to exculpate him. I find no error in this procedure. Hagaman was a witness, not a defendant on trial. The assertion of his "privilege" neither relieved him from being called as a witness, nor from being questioned. His rights were fully protected by the rulings of the court. Wharton's Crim. (10th Ed.) Hilton, §§ 464, 465, and note citing cases; Wigmore on Evidence, § 2268, citing, inter alia, People v. Abbot, 19 Wend. (N. Y.) at 195; Abbott's Trial Brief, Crim. Causes (2d Ed.) p. 321.

[4] If error had been committed in the course permitted, it could not avail this defendant. Wigmore on Evidence, § 2196, 2270; Cloyes v. Thayer, 3 Hill (N. Y.) 564; People v. Brown, 72 N. Y. at 573, 28 Am. Rep. 183, citing Cloyes v. Thayer, supra.

The judgment and orders must be affirmed. All concur.