■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE JOHN KOZER, Appellant.— COOKE, J. Appeal from a judgment of the County Court of Cortland County, rendered November 21, 1968, which adjudged defendant to be a youthful offender. Indicted for burglary in the third

degree and grand larceny in the third degree in connection with the breaking and entry into a sporting goods shop in the City of Cortland on May 1, 1968, defendant was adjudged a youthful offender upon a trial on the testimony of an accomplice, Woodard, and their mutual friend, Davis. There was testimony from which it appeared: that the three were drinking heavily on April 30, 1968; that, while Davis remained in their apartment and went to bed, the other two went on an early morning walk leading up to the breaking and entry charged; that appellant and Woodard took several pistols, holsters, shells, knives and other items which they hid in an abandoned YMCA building; that they then returned to the apartment rousing Davis and telling him of their escapade; that the trio then went to the YMCA and returned to the apartment with some of the weapons; that the next day they took three pistols, went to the house of appellant's sister in the country, fired some rounds and hid fire arms and the remaining ammunition in the cellar of the house; and, upon returning to Cortland, appellant and Woodard hid the remaining weapons in a warehouse and junkyard. A routine check located some of the stolen articles in the YMCA, an investigation focused attention on appellant and his friends and, upon being picked up for questioning, Woodard confessed his part in the burglary and led the authorities to the remaining loot. The police went to the sister's house to retrieve the three pistols hidden there, doing so with Woodard's assistance but without a warrant or permission from the sister or appellant who had a room there. Appellant contends that he was aggrieved by the admission of Davis' testimony at the trial in that the witness Davis was not granted immunity by " competent authority " within the meaning of section 619-c of the Code of Criminal Procedure. When Davis was called to corroborate the testimony of Woodard, the alleged accomplice, he refused to answer questions focused on the burglary's aftermath on the ground that he might incriminate himself. In reply to the court's query as to his position, the District Attorney stated that he conferred on the witness immunity from prosecution on account of any testimony he might give concerning the burglary and theft. Davis persisted in his refusal and, after the court directed him to answer and told him of the consequences of persistence in refusal, the court imposed a 30-day contempt term and, several questions later, the same situation recurred with the same result. Section 619-c of the Code of Criminal Procedure provides in part: " In any investigation or proceeding where, by express provision of section six hundred nineteen-d of this chapter or any other statute, a competent authority is authorized to confer immunity, if a person refuses to answer a question or produce evidence of any other kind on the ground that he may be incriminated thereby, and, notwithstanding such refusal, *an order is made by such competent authority* that such person answer the question or produce the evidence, such person shall comply with the order. *If such person complies with the order, and if, but for this section, he would have been privileged to withhold the answer given or the evidence produced by him, then immunity shall be conferred upon him, as provided for herein.*" (Emphasis added.) The person who first mentions the word " immunity " becomes unimportant when the statute is given the construction that where an authority with statutory power to compel an answer does order an answer, and it is given pursuant to such order, then immunity follows. Here, when the witness claimed his privilege, he was ordered to answer by the County Judge, a competent authority under the section, and then answered. Furthermore, the privilege is personal to a nonparty witness and if such a witness is ordered to testify, it is a matter exclusively between the court and the witness and a party has no right to object to the testimony (*People* v. *Minsky*, 227 N. Y. 94, 99; *People* v. *Brown*, 72 N. Y. 571; *People* v. *Guidarelli*,

22 A D 2d 336, 338; *People* v. *Colburn*, 162 App. Div. 651, 656; *Cloyes* v. *Thayer*, 3 Hill 564, 566; Richardson, Evidence [9th ed.], § 539). Appellant also urges that the District Attorney elicited improper testimony concerning the pistols recovered from the house of appellant's sister, which handguns had been suppressed as evidence due to their having been taken from their hiding place in the house illegally and without a warrant. However, here there was a nonjury trial before the same Judge who suppressed the evidence and, even though the evidence was not specifically disclaimed in his decision, there was adequate evidence to otherwise sustain the conviction. While the evidence dealt with the handling of the stolen goods after the crime, there was ample testimony as to the taking of them from the store. Woodard confessed to his complicity in the burglary, telling where the guns were, and then the guns were recovered illegally. No evidence flowed from the illegal seizure to be tainted by the poisonous fruits doctrine, rather it flowed to the illegal seizure; and the happenstance that Woodard was later given the opportunity to reaffirm this at trial should not control. Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.