■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD LUMPKINS, Appellant. [782 NYS2d 804]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered October 4, 2001, convicting him of coercion in the first degree, assault in the second degree, promoting prostitution in the second degree, promoting prostitution in the third degree, and criminal possession of a weapon in the fourth degree (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his waiver of the right to a jury trial was invalid because the trial court failed to determine on the record, by appropriate allocution, whether the waiver was voluntary, knowing, and intelligent. Since the defendant did not challenge the adequacy of his allocution in the Supreme Court, his argument is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brunson,* 307 AD2d 323, 324 [2003]; *People v Magnano,* 158 AD2d 979 [1990], *affd* 77 NY2d 941 [1991], *cert denied* 502 US 864 [1991]). We decline to reach this contention in the exercise of our interest of justice jurisdiction.

The defendant also argues that Queens County lacked geographical jurisdiction over the charges of assault in the second degree and criminal possession of a weapon in the fourth degree which all took place in Kings County (*see Taub v Altman,* 3 NY3d 30 [2004], dissent at 43 n 3; *People v Fea,* 47 NY2d 70, 77-78 [1979]). The People rely on the "particular effect provisions" of the geographical jurisdiction article of the Criminal Procedure Law (*see* CPL 20.10 [4]; 20.40 [2] [c]) in arguing that the assault and weapon possession charges were intended to coerce the complainant into acts of prostitution in Queens County with a material harmful effect on the community welfare of that county. The defendant argues that the purpose of the assaultive conduct, as the complainant testified, was merely to enforce the rules he made to control the complainant's behavior. Yet, he concedes that the facts of the assaultive conduct, perpetrated with the weapons, would have been admissible to establish the coercion in the first degree charge. He does not contest the People's argument that prostitution has a material harmful effect on the welfare of the Queens community in general. Therefore, we reject the defendant's claim of defective geographical jurisdiction.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Smith, J.P., Crane, Cozier and Lifson, JJ., concur.