◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEEL BUTLER, Appellant. [792 NYS2d 581]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered February 15, 2002, convicting him of criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his waiver of the right to a jury trial was inadequate is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Lumpkins*, 11 AD3d 563 [2004], *lv denied* 4 NY3d 746; *People v Magnano*, 158 AD2d 979 [1990], *affd* 77 NY2d 941 [1991], *cert denied* 502 US 864 [1991]). In any event, the record does not support the defendant's contention that the waiver was invalid (*see People v Brunson*, 307 AD2d 323, 324 [2003]; *People v Davis*, 277 AD2d 248, 249 [2000]; *People v Wheeler*, 258 AD2d 542 [1999]). After the court recessed to allow the defendant and his counsel time to discuss the jury waiver and to resolve their differences, defense counsel informed the court, in the defendant's presence, that the defendant wished to proceed with a nonjury trial. The defendant concedes that he signed the written jury waiver in open court. The written jury waiver stated that the defendant requested that he be tried without a jury, that he was advised of the rights he was giving up, and that he signed the waiver voluntarily, knowingly, and of his own free will.

Although the record does not reveal precisely what his attorney told him concerning the rights he would be relinquishing and the trial judge did not allocute the defendant, nothing in the record indicates that the defendant was unaware of the consequences of his waiver (*see People v Brunson, supra; People v Wheeler, supra*). The waiver was executed in open court and the surrounding circumstances support the conclusion that his waiver was knowing and voluntary (*cf. People v Davidson*, 136 AD2d 66 [1988]). Based on the circumstances revealed in the record, the "written waiver is sufficient and is not invalidated by the court's failure to inquire" (*People v Burnett*, 136 AD2d 888, 888 [1988]). Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.