THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GHULAM N. FANI, Appellant. [872 NYS2d 535]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sher, J.), rendered December 13, 2007, convicting him of criminal contempt in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his waiver of the right to a jury trial was inadequate is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Magnano*, 77 NY2d 941 [1991]). In any event, the record does not support the defendant's contention that the waiver was invalid, as he executed a written waiver in open court, which was approved by the trial justice, and the circumstances surrounding the waiver supported the conclusion that it was knowing, voluntary, and intelligent (*see* CPL 320.10 [2]; *People v Smith*, 6 NY3d 827 [2006]).

The defendant's contention that he was deprived of his right to confrontation by the trial justice's disallowance of four questions on his cross-examination of the complainant is partially unpreserved for appellate review. The defendant timely made his position known with respect to the rulings as to two of the questions, thereby preserving this contention for appeal as to those questions (*see* CPL 470.05 [2]; *People v George*, 67 NY2d 817, 819 [1986]). However, he did not timely make his position known with respect to the two remaining questions. Therefore, his contention as to those questions is unpreserved for appellate review.

In any event, since the complainant subsequently answered two of the questions, the defendant's contentions as to those questions are academic. The trial judge properly disallowed the other two questions, as their answers were irrelevant (*see People*

*v Francisco,* 44 AD3d 870 [2007]) or called for speculation (*see People v Monroe,* 30 AD3d 616, 617 [2006]).

The defendant's contention that the evidence leading to his conviction of criminal contempt in the second degree was legally insufficient is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Florio, Balkin and Eng, JJ., concur.