■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SILVA, Appellant. [935 NYS2d 891]

The defendant failed to preserve for appellate review his contention that his waiver of the right to a jury trial was inadequate (*see* CPL 470.05 [2]; *People v Magnano*, 77 NY2d 941 [1991], *cert denied* 502 US 864 [1991]). In any event, the record does not support the defendant's contention that the waiver was invalid, as he executed a written waiver in open court, which was approved by the trial justice, and the circumstances surrounding the waiver supported the Supreme Court's determination that the waiver was made knowingly, voluntarily, and intelligently (*see* CPL 320.10 [2]; *People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US 905 [2006]; *People v O'Diah*, 68 AD3d 787 [2009]; *People v Fani*, 59 AD3d 460 [2009]; *People v Jones*, 293 AD2d 627 [2002]).

The defendant also failed to preserve for appellate review his contention that there was legally insufficient evidence as to the intent element of the count of assault in the second degree under Penal Law § 120.05 (3) (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894 [2000]; *People v Cortes*, 44 AD3d 1068 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621

[1983]), we find that there was legally sufficient evidence that the defendant acted with the intent to prevent a police officer from performing his lawful duties, for purposes of that count (*see People v Harley*, 74 AD3d 1090, 1091 [2010]; *People v Jenkins*, 49 AD3d 780, 781 [2008]; *People v Coulanges*, 264 AD2d 853 [1999]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt for assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Belen, Roman and Sgroi, JJ., concur.