12-3506-pr
*Pierre v. Ercole*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fourteen.

PRESENT:

ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,

*Circuit Judges.*

_____

EMMANUEL PIERRE,

*Petitioner-Appellant*,

-v.-                                                               No. 12-3506-pr

ROBERT ERCOLE, SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,

*Respondent-Appellee.*

_____

RANDA D. MAHER, Law office Of Randa D. Maher, Great Neck, NY, *for Petitioner-Appellant.*

MALANCHA CHANDA (Susan Gliner, *on the brief*), *for* Cyrus R. Vance, Jr., District Attorney New York County, *for Respondent-Appellee.*

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED.**

Emmanuel Pierre, who stands convicted in New York following a jury trial for murder in the second degree, *see* N.Y. Penal Law § 125.25, appeals from a July 25, 2012 judgment of the United States District Court for the Southern District of New York (Forrest, *J.*) denying his petition pursuant to 28 U.S.C. § 2254 for habeas corpus relief. Pierre contends, in relevant part, that the district court erred in failing to conclude that the New York State Supreme Court's denial of his CPL § 440.10 motion "amounted to an unreasonable application of clearly established federal law" as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This Court granted a certificate of appealability, *see* 28 U.S.C. § 2253(c), limited solely to whether trial counsel was ineffective for: (1) failing to call as a witness Dr. Charles Wetli regarding his opinion as to the time of the victim's death; and (2) failing to investigate a police report describing an interview with Rose James who may have provided testimony relating to the victim's time of death. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

\*　\*　\*

While we review the denial of a habeas corpus petition *de novo*, *see Jones v. West*, 555 F.3d 90, 95 (2d Cir. 2009), pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a petitioner whose claim has been adjudicated in state court may obtain habeas corpus relief only by showing that the state court's denial of his claim was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the

2

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see Burt v. Titlow*, 134 S. Ct. 10, 15 (2013). Applying these standards, we may "reverse a state court ruling only where it was 'so lacking in justification that there was . . . [no] possibility for fairminded disagreement.'" *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011)). As relevant here, where the alleged constitutional error on habeas review is ineffective assistance of counsel, the petitioner must show that the state court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. Under *Strickland*, counsel's representation is constitutionally defective only if (1) his representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) prejudice resulted such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694; *Santore v. Fischer*, 689 F.3d 138, 154 (2d Cir. 2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. With respect to the first prong, counsel is "strongly presumed" to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

Petitioner first argues that counsel was ineffective for failing to call Dr. Wetli as a witness at trial. The decision not to call a particular witness is typically a question of trial strategy. *Greiner v. Wells*, 417 F.3d 305, 323 (2d Cir. 2005). Thus, the decision "whether to call specific witnesses – even ones that might offer exculpatory evidence – is ordinarily not viewed as a lapse in professional representation." *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) (internal citations omitted). In evaluating counsel's conduct we begin with "the presumption that counsel was effective," and, when reviewing the challenged conduct, "look for legitimate justifications for that conduct, including justifications transparent on the record . . . ." *Greiner*, 417 F.3d at 320.

3

Petitioner contends that Dr. Wetli's testimony could have cast doubt on key prosecution testimony from Dr. James Gill, the state pathologist: specifically, Gill's testimony that the victim, Sandra Bonaventure, could have died as early as June 20, 2002, rather than later on June 22 or June 23, during which time Pierre had an alibi. The record shows, however, that counsel vigorously and effectively cross-examined Dr. Gill as to the victim's time of death. In such circumstances, counsel's decision not to call Dr. Wetli can reasonably be understood as a strategic choice to avoid exposing his own witness to potentially effective cross-examination that could dilute the force of the points established during the cross-examination of Dr. Gill. We cannot say that counsel was ineffective for electing not to call Dr. Wetli, much less that the state court's decision not to afford relief on this ground was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (a "doubly deferential judicial review [] applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

Petitioner next challenges his representation on the grounds that his counsel purportedly failed to investigate Rose James, Bonaventure's neighbor, who according to a police report, told police that she believed she saw Bonaventure on the afternoon of June 20, 2012 (after the time the State contended Bonaventure had been murdered). Petitioner, however, failed to present a single sworn statement to support his assertion that his lawyer failed to investigate James as a possible witness. The record contains no affidavit from counsel explaining his actions or lack thereof. Nor is there an affidavit from James affirming that she would have testified that she saw Bonaventure on the afternoon of June 20, 2002, or that petitioner's lawyer failed to speak to her. Instead, there is only an unsworn statement in a police report, purporting to record an officer's recollection that

4

James told him that she "believed" she saw the victim on "Thursday [June 20, 2002]." As the state court determined, these "bare allegations" regarding counsel's purported failure to investigate James were "insufficient to carry []his evidentiary burden." *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) ("[T]he burden to show that counsel's performance was deficient rests squarely on the defendant . . . [T]he absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." (internal quotation marks and alternations omitted)). No Supreme Court decision, moreover, requires a post-conviction hearing in such circumstances. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (when Supreme Court cases "give no clear answer to the question presented . . . it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law" (internal quotation marks omitted)).

Petitioner also argues that the district court erred by itself failing to hold a hearing on his ineffective assistance claim. This argument is unavailing. The Supreme Court's decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2010) forecloses any factual finding by a federal court where, as here, the petitioner makes out only a claim of legal error under section 2254(d)(1). *See id.* at 1398 ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

\* \* \*

Pierre has failed to meet his burden of establishing that the state court's decision was contrary to, or an unreasonable application of the Supreme Court's decision in *Strickland* and its progeny. Therefore his claim that his attorney failed to provide him with constitutionally adequate representation provides no basis for granting him a writ of habeas corpus.

We have reviewed Pierre's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk