■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GUCCIARDO, Appellant. [11 NYS3d 78]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered November 22, 2011, convicting him of grand larceny in the second degree (two counts) and scheme to defraud in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in permitting his wife to testify as to whether she had placed stop payment orders on the checks at issue or was aware that the accounts from which the checks were to be drawn had insufficient funds to cover the checks, and he further contends that, without that testimony, the evidence was legally insufficient to support his convictions of grand larceny in the second degree and scheme to defraud in the first degree. These contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Santos*, 86 NY2d 869 [1995]). In any event, the testimony of the defendant's wife was properly admitted and, viewing the evidence in the light most favorable to the prosecution (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we find that it was legally sufficient to establish the defendant's guilt as to those crimes beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of those crimes was not against

the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant also contends that his waiver of the right to a jury trial was invalid. The defendant's contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Johnson*, 51 NY2d 986 [1980]; *People v Lumpkins*, 11 AD3d 563 [2004]). In any event, the record does not support the defendant's contention that the waiver was invalid. He executed a written waiver in open court, and the trial court explained its meaning to him. The record supports the finding that the waiver was made knowingly, intelligently, and voluntarily (*see People v Silva*, 91 AD3d 675 [2012]; *People v Butler*, 17 AD3d 379 [2005]).

The defendant further contends that the trial court committed reversible error when it failed to protect his wife's Fifth Amendment privilege against self-incrimination. This contention is unpreserved for appellate review, as objections were not registered to the challenged testimony (*see generally People v Olibencia*, 45 AD3d 607 [2007]). In any event, the defendant's contention is without merit. The assertion, by the defendant's wife, of her privilege against self-incrimination neither relieved her from being called as a witness nor from being questioned (*see People v Colburn*, 162 App Div 651 [1914]). The privilege against self-incrimination is personal to a nonparty witness, and if such party is ordered or permitted to testify after invoking the privilege, it is a matter exclusively between the court and the witness, and a defendant has no standing to challenge the testimony (*see People v Kozer*, 33 AD2d 617 [1969]).

There is also no merit to the defendant's alternative contention that he was deprived of the effective assistance of counsel by his counsel's failure to object to the questioning of his wife after she unsuccessfully attempted to invoke her Fifth Amendment privilege. Since the defendant had no ground to object to the wife's testimony (*see id.*; *People v Colburn*, 162 App Div 651 [1914]), defense counsel was under no compulsion to register objections which had little or no likelihood of success (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Stultz*, 2 NY3d 277, 287 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.