■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PAZMINI, Appellant. [18 NYS3d 359]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 12, 2013, convicting him of criminal sexual act in the first degree, attempted rape in the first degree, assault in the second degree, and attempted robbery in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent (*see* CPL 470.05 [2]; *People v Johnson*, 51 NY2d 986, 987-988 [1980]; *People v Petitbrun*, 123 AD3d 1057, 1058 [2014]; *People v Butler*, 17 AD3d 379, 380 [2005]; *People v Lumpkins*, 11 AD3d 563, 564 [2004]). In any event, the record does not support the defendant's contention that the waiver was invalid. The defendant executed a written waiver in open court after allocution by the court, the trial justice approved the waiver, and the circumstances surrounding the waiver supported the Supreme Court's determination that the waiver was made knowingly, voluntarily, and intelligently (*see People v Silva*, 91 AD3d 675, 675 [2012]; *People v Fani*, 59 AD3d 460, 460 [2009]).

The defendant also failed to preserve for appellate review his contention that the Supreme Court, by the sentence it imposed after trial, penalized him for exercising his right to a trial (*see People v Murray*, 116 AD3d 1068, 1069 [2014]; *People v Lerner*, 116 AD3d 1065, 1067 [2014]; *People v Seymore*, 106 AD3d 1033, 1034 [2013]). In any event, there is no indication in the record that the sentence was the result of vindictiveness or retribution for refusing a plea offer and exercising his right to a trial.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.