The People of the State of New York, Respondent,
against
Jennifer L. Smith, Appellant.



Appeal from a judgment of the Justice Court of the Town of Walkill, Orange County (Joseph A. Owen, J.), rendered February 6, 2014. The judgment, after a nonjury trial, convicted defendant of criminal contempt in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant and her former husband divorced in 2011. On October 25, 2012, the Justice Court of the Town of New Windsor, Orange County, issued a stay-away order of protection in favor of the complainant, the girlfriend of defendant's former husband, and against defendant. The order was effective until April 25, 2013.
The complainant testified that, on December 27, 2012, while she was kneeling down in the back of a Victoria's Secret store at the Galleria at Crystal Run Mall in the Town of Walkill, looking at merchandise, defendant brushed up against her and whispered in her ear that she was sorry that her former husband had broken up with the complainant. The complainant told defendant that she was going to call the police based on the violation of the order of protection. Defendant grabbed the complainant's arm, laughed, and stated, among other things, that she had heard that the complainant and defendant's former husband had broken up and that she was trying to console her. When the complainant told defendant that they had not broken up, defendant seemed very surprised. Defendant told the complainant that her former husband was always going to want his wife, and that she was not going to let the complainant interfere with her family. Defendant became "so worked up" that she shook a coffee cup she was holding and spilled coffee on herself. When defendant grabbed the complainant's arm, the complainant pulled it away and told defendant not to touch her. The incident, which the complainant alleged lasted between 12 and 15 minutes, ended when defendant's daughter came into the store, told defendant that she had attempted to call defendant several times, and that they had to go, that defendant could not be there. Before she left, defendant put her arm around her daughter, laughed, and said to the complainant, "[o]h, we're just having a nice conversation." The complainant admitted that she had waited several days to call the police, explaining that she did not want to ruin a vacation that she and defendant's former husband had planned.
Defendant testified that she accidentally "ran into" the complainant at the Victoria's Secret store, and stayed there for one or two minutes. Defendant claimed that the complainant initiated a conversation, but subsequently testified that "it wasn't really a conversation." Defendant admitted that she was aware of the order of protection. She testified that if she had known that the complainant was going to be in the store, she would not have entered. She claimed that there were so many people in the mall that she was unable to see the complainant. Defendant "didn't know what to do" when she saw the complainant.
Defendant was originally charged with criminal contempt in the first degree (Penal Law § 215.51 [c]), a class E felony, and harassment in the second degree (Penal Law § 240.26 [1]), a violation. The felony charge was reduced to criminal contempt in the second degree (Penal Law § 215.50 [3]), a class A misdemeanor. A prosecutor's information, dated January 22, 2013, [*2]charged defendant with criminal contempt in the second degree and harassment in the second degree.
After a nonjury trial, the Justice Court found defendant guilty of criminal contempt in the second degree, but not guilty of harassment in the second degree.
On appeal, defendant contends that (1) the Justice Court lacked jurisdiction with respect to the charge of criminal contempt in the second degree, because the Justice Court had failed to make an inquiry regarding the reduction of the felony charge of criminal contempt in the first degree to the misdemeanor charge of criminal contempt in the second degree pursuant to CPL 180.50; (2) there is no signed jury waiver in the record, and there is no allocution in the record regarding a jury waiver; (3) defendant was denied the effective assistance of trial counsel because counsel failed to object to the improper reduction of the felony charge, the lack of an allocution regarding a jury waiver, and hearsay testimony by the complainant at trial; and (4) the conviction was based on legally insufficient evidence, and the verdict of guilt was against the weight of the evidence.
CPL 180.50 (1) authorizes a local criminal court, "upon consent of the district attorney, [to] make inquiry for the purpose of determining whether (a) the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony, and (b) if so, whether the charge should, in the manner prescribed in subdivision three, be reduced from one for a felony to one for a non-felony offense." CPL 180.50 (3) (a) provides that if "the factual allegations of the felony complaint and/or any supporting depositions are legally sufficient to support the charge that the defendant committed the non-felony offense in question the court may . . . (i) [d]irect the district attorney to file with the court a prosecutor's information charging the defendant with such non-felony offense."
Defendant's claim that the Justice Court failed to make an inquiry with respect to the reduction, and thus, lacked jurisdiction regarding the charge of criminal contempt in the second degree (Penal Law § 215.50 [3]), is unpreserved for appellate review, as defendant did not move in the Justice Court to dismiss the charge on this basis (see CPL 470.05 [2]; People v Williams, 25 Misc 3d 15, 17 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). In any event, defendant's claim is without merit. The Justice Court signed an "Order of Reduction," which indicated that it was satisfied that "upon the consent of the District Attorney, having made inquiry for the purpose of determining whether (a) the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony, and (b) if so, whether the charge should be reduced from one for a felony to one for a non-felony offense," it found that there was "reasonable cause to believe that the defendant committed a non-felony offense," that being criminal contempt in the second degree. The court directed the prosecutor "to file with the Court a prosecutor's information charging the defendant with such non-felony offense." Thus, the order clearly indicates that the required statutory inquiry was conducted by the Justice Court (cf. People v Yolles, 92 NY2d 960 [1998]; People v Stinson, 22 Misc 3d 136[A], 2008 NY Slip Op 52662[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; People v Grune, 164 Misc 2d 1047, 1050 [App Term, 2d Dept, 9th & 10th Jud Dists 1995]).
Defendant's failure to object to the Justice Court's allegedly inadequate colloquy with respect to defendant's written waiver of a jury trial renders the claim that the waiver was not knowing, voluntary, and intelligent unpreserved for appellate review (see CPL 470.05 [2]; People v Pazmini, 132 AD3d 1015 [2015]; People v Gucciardo, 128 AD3d 983, 984 [2015]; People v Silva, 91 AD3d 675 [2012]; People v Fani, 59 AD3d 460 [2009]; People v Hawkins, 41 AD3d 1314, 1314-1315 [2007]). While the record indicates that the court did not ask defendant or her counsel if defendant understood the waiver, or explained the meaning of the waiver to defendant in open court (see CPL 320.10 [2]; People v Smith, 6 NY3d 827, 828 [2006]; People v Gucciardo, 128 AD3d at 984), the record also indicates that a waiver form, signed by defendant and her counsel, was presented to the Justice Court, which signed the form in open court (cf. People v Danthuluri, 31 Misc 3d 56, 58-59 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [*3]2011]). Thus, the circumstances of the waiver do not warrant reversal in the interest of justice (see People v Morrison, 110 AD3d 1380, 1381 [2013]; People v Fani, 59 AD3d at 460).
Defendant was afforded the effective assistance of trial counsel (see Strickland v Washington, 466 US 668, 687-688 [1984]; People v Caban, 5 NY3d 143, 156 [2005]; People v Stultz, 2 NY3d 277, 284 [2004]; People v Benevento, 91 NY2d 708, 714 [1998]; People v Lujan, 114 AD3d 963, 963-964 [2014]). Defendant's claim that counsel was ineffective for not objecting to the court's procedure in reducing the felony charge to a misdemeanor charge is without merit, as there was no error in the procedure. Her claim that her counsel should have objected to the deficient colloquy regarding the jury trial waiver is without merit, as there is no reason to believe that the outcome of the trial would have been different had counsel objected (see Pierre v Ercole, 607 F Supp 2d 605, 607 [SD NY 2009], affd 560 Fed Appx 81 [2d Cir 2014]). Finally, defendant's claim that counsel was ineffective because he did not object to portions of the complainant's testimony on the ground that it constituted hearsay is without merit, as counsel pursued a legitimate defense strategy (see People v Benevento, 91 NY2d at 712-713; People v Blair, 121 AD3d 1570, 1570-1571 [2014]).
As defendant failed to move to dismiss the charge of criminal contempt in the second degree, her claim that her conviction was based on legally insufficient evidence was unpreserved for appellate review (see CPL 470.05 [2]; People v Finch, 23 NY3d 408, 414-415 [2014]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that defendant's guilt of criminal contempt in the second degree was supported by legally sufficient evidence, based on the complainant's extensive and detailed testimony.
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), this court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]). Upon reviewing the record, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Celifie, 47 Misc 3d 133[A], 2015 NY Slip Op 50466[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), as an acquittal would have been unreasonable. In contrast to the complainant's extensive and detailed testimony, defendant essentially testified that she accidentally "ran into" the complainant at the Victoria's Secret store. However, instead of immediately leaving, knowing that there was an order of protection against her, defendant stayed in the store, by her account, for one or two minutes. During cross-examination, defendant testified that she "didn't know what to do" when she saw the complainant. Defendant took advantage of an accidental meeting with the complainant, by engaging in a lengthy conversation with her in violation of the order of protection.
Accordingly, the judgment of conviction is affirmed.
Iannacci, J.P., Marano and Tolbert, JJ., concur.
Decision Date: August 02, 2016