■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY WILLIAMS, Appellant. [50 NYS3d 305]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered April 30, 2014, convicting him of burglary in the third degree (two counts), criminal mischief in the fourth degree (two counts), criminal trespass in the second degree, and petit larceny, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent (see CPL 470.05 [2]; People v Johnson, 51 NY2d 986, 987-988 [1980]; People v Pazmini, 132 AD3d 1015 [2015]; People v Petitbrun, 123 AD3d 1057, 1058 [2014]; People v Butler, 17 AD3d 379, 380 [2005]). In any event, the record does not support the defendant's contention that the waiver was invalid. The defendant executed a written waiver in open court after allocution by the court, the trial justice approved the waiver, and the circumstances surrounding the waiver supported the Supreme Court's determination that the waiver was made knowingly, voluntarily, and intelligently (see People v Pazmini, 132 AD3d at 1015; People v Silva, 91 AD3d 675, 675 [2012]; People v Fani, 59 AD3d 460 [2009]).

The defendant's contention that the Supreme Court misapprehended its discretion by not sentencing him to parole supervision is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction (see CPL 410.91; People v Eggsware, 90 AD3d 1231, 1234 n 2 [2011]; People v Rivers, 63 AD3d 423 [2009]). The defendant's further contention that he received ineffective assistance of counsel is not reviewable on direct appeal because it involves matter dehors the record (see People v Love, 57 NY2d 998, 1000 [1982]; People v Rivers, 63 AD3d at 423).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.