People v Young (2018 NY Slip Op 08159)





People v Young


2018 NY Slip Op 08159


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-00278
 (Ind. No. 6214/14)

[*1]The People of the State of New York, respondent,
v
Malique Young, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Sullivan & Cromwell LLP [Julia A. Malkina], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), rendered December 1, 2015, convicting him of burglary in the first degree, robbery in the second degree (two counts), assault in the second degree, assault in the third degree, grand larceny in the fourth degree (four counts), and criminal possession of stolen property in the fourth degree (three counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish his guilt of burglary in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, as the People correctly concede, the defendant's conviction of assault in the second degree under Penal Law § 120.05(6) is a lesser-included offense of robbery in the second degree under Penal Law § 160.10(2)(a) (see CPL 1.20[37]; People v Robinson, 117 AD3d 1099; People v Mitchell, 59 AD3d 739; People v Nadal, 57 AD3d 574). Since the defendant's conviction of a greater count is deemed a dismissal of a lesser count pursuant to CPL 300.40(3)(b), we vacate the defendant's conviction of assault in the second degree and the sentence imposed thereon.
The defendant's contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent is unpreserved for appellate review (see CPL 470.05[2]; People v Johnson, [*2]51 NY2d 986; People v Tucker, 151 AD3d 1085; People v Williams, 149 AD3d 986). In any event, the record does not support the defendant's contention that the waiver was invalid. The defendant executed a written waiver in open court after allocution by the Supreme Court, the court approved the waiver, and the circumstances surrounding the waiver support the court's determination that the waiver was made knowingly, voluntarily, and intelligently (see People v Pazmini, 132 AD3d 1015; People v Fani, 59 AD3d 460).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court