People v Maldonado (2018 NY Slip Op 08958)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Maldonado

2018 NY Slip Op 08958

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-07026
(Ind. No. 14-01635)

[*1]The People of the State of New York, respondent,
vJonathan Maldonado, appellant.

Del Atwell, East Hampton, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered May 19, 2016, convicting him of gang assault in the second degree and resisting arrest, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his waiver of the right to a jury trial was invalid is unpreserved for appellate review (see CPL 470.05[2]; People v Johnson, 51 NY2d 986, 987; People v Tucker, 151 AD3d 1085, 1087; People v Williams, 149 AD3d 986, 986). In any event, the record does not support the defendant's contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent (see People v Williams, 149 AD3d at 986; People v Pazmini, 132 AD3d 1015, 1015; People v Fani, 59 AD3d 460, 460).
The record also demonstrates that the defendant's express waiver of his right to be present at sidebar conferences (see People v Antommarchi, 80 NY2d 247) was made knowingly, voluntarily, and intelligently (see People v Vargas, 88 NY2d 363, 375-378).
Contrary to the defendant's contention, the evidence adduced at trial, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see Penal Law § 35.15[1]; People v Acquista, 41 AD3d 491, 492; People v Williams, 304 AD2d 595, 595). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of gang assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; [*2]see People v Evans, 16 NY3d 571, 575 n 2). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Cruz, 127 AD3d 987, 988; People v Robles, 116 AD3d 1071, 1071). As the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contentions are without merit.
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court