People v Jones (2020 NY Slip Op 01640)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Jones

2020 NY Slip Op 01640

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-08653
(Ind. No. 784/16)

[*1]The People of the State of New York, respondent,
vDerrell Jones, appellant.

Paul Skip Laisure, New York, NY (Martin Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Eugene J. Dirks of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered July 14, 2017, convicting him of aggravated criminal contempt, criminal contempt in the first degree, assault in the third degree, and resisting arrest, after a nonjury trial, and sentencing him to an indeterminate term of imprisonment of 3½ to 7 years on the conviction of aggravated criminal contempt, an indeterminate term of imprisonment of 2 to 4 years on the conviction of criminal contempt in the first degree, a definite term of imprisonment of 1 year on the conviction of assault in the third degree, and a definite term of imprisonment of 1 year on the conviction of resisting arrest, with all terms to run concurrently.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant's contention that his waiver of the right to a jury trial was invalid is unpreserved for appellate review (see CPL 470.05[2]; People v Johnson, 51 NY2d 986, 987; People v Maldonado, 167 AD3d 1047, 1048; People v Tucker, 151 AD3d 1085, 1087). In any event, the record does not support the defendant's contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent (see People v Fani, 59 AD3d 460, 460; People v Butler, 17 AD3d 379, 380).
Contrary to the defendant's contention, there is no basis for vacating his conviction of assault in the third degree under Penal Law § 120.00(1). Although the defendant was convicted of aggravated criminal contempt under Penal Law § 215.52, assault in the third degree is not a lesser-included offense of that crime (see CPL 1.20[37]; People v Davis, 14 NY3d 20, 23; People v Glover, 57 NY2d 61, 63-64). It is possible to commit aggravated criminal contempt without committing assault in the third degree under Penal Law § 120.00(1), because aggravated criminal contempt can be committed recklessly (see Penal Law § 215.52), whereas assault in the third degree under Penal Law § 120.00(1) requires intent.
However, the defendant was deprived of the effective assistance of counsel at [*2]sentencing. A defendant is " entitled to an opportunity to be represented by counsel sufficiently familiar with the case and the defendant's background to make an effective presentation on the question of sentence'" (People v Wiggan, 242 AD2d 549, 550, quoting People v Edmond, 84 AD2d 938, 938 [internal quotation marks omitted]). Here, the defendant's counsel at sentencing made no substantive arguments on the defendant's behalf, and the record demonstrates that counsel had no meaningful knowledge of the case or of the defendant's background. Consequently, we remit the matter to the Supreme Court, Queens County, for resentencing (see People v Wiggan, 242 AD2d at 550; People v Stella, 188 AD2d 318, 319; People v Edmond, 84 AD2d at 938). We express no opinion as to the sentence to be imposed.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court