People v Vazquez (2022 NY Slip Op 02566)

People v Vazquez

2022 NY Slip Op 02566

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2018-06244
 (Ind. No. 146/17)

[*1]The People of the State of New York, respondent,
v
Juan P. Vazquez, appellant.

James W. Neilson, Whitestone, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Amanda Iannuzzi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered April 24, 2018, convicting him of rape in the first degree and sexual abuse in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Any discrepancies between the eyewitness' prior out-of-court statements, grand jury testimony, and trial testimony "were not of such magnitude as to render [her] testimony incredible or unreliable" (People v Duwe, 164 AD3d 1256, 1256; see People v Henderson, 142 AD3d 1104, 1105; People v Fernandez, 115 AD3d 977, 978).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention that his waiver of the right to a jury trial was invalid is unpreserved for appellate review (see CPL 470.05[2]; People v Johnson, 51 NY2d 986, 987; People v Jones, 181 AD3d 714, 715; People v Maldonado, 167 AD3d 1047, 1048). In any event, the record does not support the defendant's contention that his waiver of the right to a jury trial was not knowing, voluntary, and intelligent (see People v Williams, 149 AD3d 986; People v Fani, 59 AD3d 460, 460; People v Butler, 17 AD3d 379, 380).
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court