People v Maharaj (2024 NY Slip Op 01199)

People v Maharaj

2024 NY Slip Op 01199

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-10574
 (Ind. No. 2845/17)

[*1]The People of the State of New York, respondent,
v
Reshmi Maharaj, appellant.

Patricia Pazner, New York, NY (Melissa S. Horlick of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Christopher M. Ciccolini of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered August 29, 2019, convicting her of grand larceny in the second degree (three counts), grand larceny in the third degree (four counts), scheme to defraud in the first degree, falsifying business records in the second degree, and identity theft in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a nonjury trial, of three counts of grand larceny in the second degree, four counts of grand larceny in the third degree, scheme to defraud in the first degree, falsifying business records in the second degree, and identity theft in the first degree arising out of a scheme by the defendant, a licensed real estate agent, who, among other things, between 2014 and 2016, purported to offer various properties for sale as "short sales" and stole sums of money from three potential buyers.
The defendant's challenge to the validity of her waiver of her right to a jury trial is unpreserved for appellate review (see CPL 470.05[2]; People v Johnson, 51 NY2d 986, 987; People v Vazquez, 204 AD3d 943, 944). In any event, the defendant's contention is without merit, as the record supports the determination that her waiver of her right to a jury trial was knowing, voluntary, and intelligent (see People v Perez, 167 AD3d 1049, 1049; People v Badden, 13 AD3d 463, 463).
Contrary to the defendant's contention, the Supreme Court properly admitted exhibits reflecting a series of text messages between the defendant and one of the complainants. The testimony of a participant in and witness to the text message conversations with the defendant that the exhibits accurately and fairly depicted those text message conversations was sufficient to authenticate the exhibits (see People v Rodriguez, 38 NY3d 151, 155; People v Enoksen, 175 AD3d 624, 625-626).
The defendant's remaining contentions are without merit.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court