People v Johnson (2018 NY Slip Op 00308)





People v Johnson


2018 NY Slip Op 00308


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2011-02870
 (Ind. No. 2347/10)

[*1]The People of the State of New York, respondent,
v
Freddie Johnson, also known as Frankie Johnson, appellant.


Charles T. Glaws, New York, NY, for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Victor Barall of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew D'Emic, J.), rendered February 9, 2011, convicting him of arson in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to arson in the second degree, and was sentenced as a second violent felony offender (see CPL 400.15). Contrary to the defendant's contention on appeal, the Supreme Court did not err in failing to hold a hearing as to the constitutionality of a prior conviction on which the second violent felony offender adjudication was based. Although the defendant initially indicated that he controverted the allegations of the predicate felony statement with respect to the constitutionality of the prior conviction, the defendant then decided to withdraw that challenge, and declined to controvert the allegations of the statement. Accordingly, no hearing was required (see CPL 400.15[4]).
The defendant's pro se challenge to the factual sufficiency of the plea is unpreserved for appellate review (see People v Lopez, 71 NY2d 662, 665). Further, preservation was required because, contrary to the defendant's contention, the defendant's recitation of the facts did not negate the element of intent or suggest the possibility of an "intoxication defense" so as to clearly cast significant doubt upon his guilt or otherwise call into question the voluntariness of the plea (see id. at 666). In any event, the factual allocution was sufficient (see People v Goldstein, 12 NY3d 295, 301; People v Seeber, 4 NY3d 780, 781).
The defendant's contention, in his pro se supplemental brief, that he received ineffective assistance of counsel is not reviewable on direct appeal because it involves matter dehors the record (see People v Love, 57 NY2d 998, 1000; People v Williams, 149 AD3d 986).
The defendant's remaining contentions, raised in counsel's brief and the pro se supplemental brief, are without merit.
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court